UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIMBERLY LODESPOTO,

       Plaintiff,

v.                                   CASE No. 8:04-CV-1241-T-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

       Defendant.

_____

O R D E R

       The plaintiff in this case seeks judicial review of the denial of her claim for supplemental security income payments.[1]   Because the decision of the Commissioner of Social Security is supported by substantial evidence, the decision will be affirmed.

I.

       The plaintiff, who was twenty-two years old at the time of the administrative hearing and who has a sixth grade education, has not worked significantly.  She filed a claim for supplemental security income payments, alleging that she became disabled due to asthma, arthritis, seizures, varicose

---

[1]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 14).

veins, anemia, bad memory, dyslexia, learning disability, and depression (Tr. 55).  The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge.  The law judge found that the plaintiff has severe impairments of asthma and affective disorders (Tr. 16).  He concluded that these impairments restricted the plaintiff to work that did not involve even moderate exposure to fumes, odors, dusts, gases, poor ventilation, etc., and any exposure to hazards (Tr. 21).  The plaintiff also was limited to performing simple repetitive mental tasks with limited social demands (id.).  The law judge determined, based upon the testimony of a vocational expert, that there were jobs in the national economy that the plaintiff could perform, such as sewing machine operator, hand packager, and bench assembler (Tr. 20).  Accordingly, the law judge decided that the plaintiff was not disabled.  The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

## II.

In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which

. . . has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. 1382c(a)(3)(A).  A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence.  42 U.S.C. 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses.  Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence.  Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).  Therefore, in determining whether the Commissioner's decision is

supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled.  However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met.  Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff challenges the law judge's decision on three grounds.  None has merit.

The plaintiff contends, first, that the law judge erred in failing to follow Social Security Ruling 96-8p, 1996 WL 374184 (S.S.A.), which relates to the assessment of a claimant's residual functional capacity ("RFC").  In particular, she asserts that the law judge failed to articulate the non-exertional limitations of the plaintiff's RFC (Doc. 21, p. 7).[2]

The plaintiff asserts that "the ALJ found no psychiatric limitations" (Doc. 21, p. 8 n.1).  That assertion is incorrect.  The law judge

---

[2]Notably, the plaintiff makes no challenge to the law judge's determination that the plaintiff did not have any exertional limitations and thus was physically capable of work up to the heavy exertional level.  It is appropriate to add, however, that the vocational expert focused on light and medium work and the three types of jobs he identified fell into those categories (Tr. 288).

found that the plaintiff had severe impairments of affective disorders (Tr. 16). Furthermore, he found that the plaintiff "is limited to performing simple repetitive mental tasks with limited social demands" (Tr. 18). These limitations plainly reflect the plaintiff's affective disorders. Significantly, no mental health expert (and the plaintiff was evaluated twice by a clinical psychologist (Tr. 146, 223)) has expressly opined that the plaintiff has greater functional mental limitations than these.

The plaintiff argues, however, that a Global Assessment of Functioning ("GAF") by the plaintiff's treating psychiatrist, Dr. Hafiz Muhammad A. Rahman, shows a more severe mental impairment. Dr. Rahman in his initial progress note opined that the plaintiff's GAF was 45, which indicates serious symptoms or any serious impairment in social, occupational or school functioning. Diagnostic and Statistical Manual of Mental Disorders, 4th ed., p. 32. The law judge specifically considered this assessment, and rationally discounted it.

At the outset, it is noted that Dr. Rahman's assessment was made at the initial evaluation, and not after he had seen the plaintiff over a period of time. See Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986). Moreover, the GAF was simply written in progress notes (Tr. 251),

prompting plaintiff's counsel to comment at the hearing that "it would be more helpful if he would complete an itemized psychiatric evaluation form rather than just putting down a number of 45" (Tr. 292).

Moreover, the law judge gave a full explanation for discounting Dr. Rahman's initial assessment of a GAF of 45 (Tr. 18-19). Thus, the law judge pointed out that Dr. Rahman changed the plaintiff's medication upon the initial evaluation and that, when she was next seen, the plaintiff reported that she was doing better (Tr. 18). The law judge concluded that "once Dr. Rahman took over [the plaintiff's] treatment he noted after just the initial visit that she had demonstrated improvement, presumably due to the treatment regimen, and there is no subsequent credible evidence to suggest that she has suffered a relapse" (Tr. 19).

Moreover, as plaintiff's counsel acknowledged at the hearing (Tr. 292), the plaintiff was seen at a mental health care clinic on March 16, 2003, which was about three weeks after she had first seen Dr. Rahman, and was assessed a GAF of 60, which is the border between moderate and mild symptoms (Tr. 268).

Under all the circumstances, the law judge could reasonably conclude that a GAF of 45 did not properly reflect the plaintiff's mental

status over a period of time, but was simply a transitory condition that improved with Dr. Rahman's treatment, or a change in the plaintiff's stressors, or both.  Consequently, the law judge did not err because, in determining the plaintiff's RFC, he did not give greater weight to Dr. Rahman's initial assessment of the plaintiff's GAF.  And since the law judge reasonably discounted that assessment, there is no evidence in the record indicating that the plaintiff's mental impairment imposed restrictions beyond limiting her to performing simple repetitive mental tasks with limited social demands.

The plaintiff's second contention is that the law judge's hypothetical question to the vocational expert was flawed because it did not address all of the plaintiff's limitations (Doc. 21, p. 11).  However, the only specific deficiency that was identified was the alleged failure to include the plaintiff's GAF in the hypothetical question (id. at pp. 11-12).  This contention is meritless for two reasons.

In the first place, the law judge reasonably discounted the plaintiff's GAF score, as just explained.  A hypothetical question does not have to include findings that have been properly rejected.  Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1161 (11th Cir. 2004).

Furthermore, a GAF is not the type of information that is to be included into a hypothetical question to a vocational expert. Rather, that type of information needs to be converted into function limitations, which are then included in a hypothetical question. As previously indicated, the law judge's hypothetical question included the mental limitations that he found were reasonably supported by the evidence.

The plaintiff's final contention is that the law judge erred in failing to develop the medical record (Doc. 21, p. 12). On its face, this contention is unpersuasive. The record contains the notes of the plaintiff's treatment, the reports of two medical doctors who performed consultative examinations (Tr. 179, 216), and reports from a clinical psychologist who examined the plaintiff on two occasions (Tr. 146, 223).

The plaintiff's specific complaint is that the law judge failed to recontact Dr. Rahman regarding the plaintiff's limitations (Doc. 21, p. 14). The law judge, however, had no obligation to contact Dr. Rahman, particularly since the plaintiff was represented by counsel. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003)(ALJ not bound to develop medical record after the application for benefits is filed). The law judge

obviously concluded that he had sufficient information to resolve the plaintiff's claim.

Moreover, the plaintiff has failed to provide any basis for thinking that, if Dr. Rahman had been contacted, it would have made any difference in the outcome. Thus, the plaintiff has not provided any additional evidence to the Appeals Council, or to this court, indicating that the law judge misconstrued, or erroneously discounted, Dr. Rahman's GAF evaluation of the plaintiff. The plaintiff's speculative hope that if Dr. Rahman were recontacted something favorable would turn up is not a sufficient justification for a remand.

IV.

For the foregoing reasons, the decision of the Commissioner is supported by substantial evidence. Therefore, the Commissioner's decision is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order.

DONE and ORDERED at Tampa, Florida, this <u>19th</u> day of September, 2005.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE